

The total undistributed profits for the six years were $374,492.44. It thus appears that the taxpayer corporation expended for plant and equipment $51,223.53 more than the undistributed profits during this period.

5. During 1937 Mr. J. B. Weil, president of taxpayer corporation and owner of thirty-three shares of its capital stock, borrowed certain funds from the corporation and borrowed additional funds in 1938, all of which were repaid in 1939, in ample time to be used in connection with the expansion program. The amount owed by Mr. Weil to the corporation as of December 31, 1937 was $74,490.96 and the amount owed as of December 31, 1938 was $87,925.65. During this period Mr. Weil was ill, having suffered a stroke of paralysis in 1936. The court finds that these loans were fully repaid and did not indicate a purpose or intent to accumulate a surplus in the hands of the taxpayer corporation for the purpose of avoiding surtaxes upon Mr. Weil as a shareholder.

6. The court finds that the undistributed profits for the years 1936 and 1937 were accumulated for the purpose of the expansion program then under consideration, and that in neither of these years had the earnings or profits been permitted to accumulate beyond the reasonable needs of the business.

### Conclusions

1. Coca Cola Bottling Works was not formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting earnings or profits to accumulate instead of being distributed.

2. Plaintiff is entitled to a judgment in accordance with the prayer of the complaint and for the costs of the cause.

This the 1st day of February, 1944.

### In re BELL.

### No. 44338.

District Court, E. D. New York.

Oct. 29, 1943.

Archibald Palmer, of New York City, for petitioner-bankrupt.

Max Guttman, of New York City, for Katz-Pfeiffer, Inc., judgment creditor.

MOSCOWITZ, District Judge.

This is a motion for the following relief, "Why an order should not be made and entered herein enjoining and restraining the said Judgment-Creditor, Katz-Pfeiffer, Inc., Max Guttman, Esq., its attorney, as well as its agents, representatives and employees and any and all other persons acting for and on its behalf, from taking any steps or proceedings in connection with the confirmation of the report of Honorable Harrison C. Glore, Official Referee, in the matter entitled 'City Court of the City of New York, County of Kings—In the Matter of Supplementary Proceedings: Katz-Pfeiffer, Inc., Judgment Creditor, against David Bell, Judgment Debtor' or any other steps or proceedings in connection with the said matter."

The bankrupt was adjudicated a bankrupt on his voluntary petition filed herein on March 29, 1943. On the same day he obtained the usual restraining order signed by one of the judges of this court which enjoined Katz-Pfeiffer, Inc., the judgment creditor, its attorneys, agents, representatives and employees from taking any further steps to collect, except in bankruptcy, the judgment entered in favor of Katz-Pfeiffer, Inc., against David M. Bell, the bankrupt, in the City Court of the City of New York, until the question of the bankrupt's discharge was determined or until the further order of the court. The order expressly provided: "Ordered that this stay does not apply to an application to punish the bankrupt for a contempt of a state court."

994

The injunction issued by the court did not and could not restrain an application to punish the bankrupt for a contempt of the State Court. The fact that the contempt occurred prior to the adjudication in bankruptcy and the motion to punish for contempt was made and granted subsequently to the adjudication in bankruptcy has no significance whatsoever. A bankrupt is not relieved of a State Court contempt by filing a petition in bankruptcy. In re Spagat, D.C., 4 F.Supp. 926.

## In re LORRAINE CASTLE APARTMENTS BLDG. CORPORATION, Inc.

### No. 78007.

District Court, N. D. Illinois, E. D.

Feb. 10, 1944.

Joseph B. Lawler and William O. Burns, both of Chicago, Ill., for trustee.

Hummer, Van Ness & Yowell, of Chicago, Ill., for debtor.

William Henning Rubin, of Chicago, Ill., for intervener.

Thomas B. Hart and Edward P. McGuire, both of Chicago, Ill., for Securities and Exchange Commission.

Irving Greenfield, of Chicago, Ill., for bondholders.

CAMPBELL, District Judge.

This matter comes before the Court upon a report of the Special Master recommending the approval of a plan of reorganization filed by the trustee and the disapproval of a plan submitted by the debtor in a proceeding for its reorganization under Chapter X of the Bankruptcy Act, as amended, 11 U.S.C.A. § 501 et seq. On