In re Richard MARINI & Annette
Marini, Debtors.

THRUWAY MESSENGER SERVICE,
INC., Plaintiff,

v.

Richard MARINI, Defendant.

Bankruptcy No. 181–11200–260A.
Adv. No. 181–0308.

United States Bankruptcy Court,
E.D. New York.

March 11, 1983.

Gerald A. Imperato, Brooklyn, N.Y., for debtors.

Feder, Kaszovitz, Weber & Skaler, P.C., New York City, for Thruway Messenger Service, Inc.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

This is an adversary proceeding brought on by the plaintiff/creditor, Thruway Messenger Service, Inc., (hereinafter Thruway), seeking a determination that $2,000 owed to it by the defendant/debtor, Richard Marini, is nondischargeable in bankruptcy. The debt arose from a stipulation so ordered by Acting Justice John J. Walsh, Supreme Court of the State of New York, County of Rockland, on August 29, 1978, that the defendant violated a temporary restraining order barring him from interfering with the plaintiff's business. The plaintiff contends that the debt was "for willful and malicious injury by the debtor to another entity or to the property of another entity" and thus nondischargeable under § 523(a)(6) of the Bankruptcy Code.

## FACTS

The facts leading up to the State Court judgment are as follows: The State Court action was instituted by the plaintiff to recover damages and to obtain injunctive relief against actions by the defendant which were in violation of a restrictive covenant between the two parties. The plaintiff had earlier obtained a temporary restraining order to insure that the defendant would not continue to breach the agreed restrictive covenants. The defendant, nevertheless, violated the temporary restraining order for which the court fined him $2,000 which it directed him to pay to the plaintiff.

Subsequently, the parties entered into a stipulation in the State Court action. The stipulation, so ordered by the court, stated that the parties agreed to settle all claims in exchange for payments by the defendant to the plaintiff totalling $16,500, of which $14,500 was to be paid in three installments, evidenced by non-negotiable promissory notes and guaranteed by a third party. The remaining $2,000 representing the fine for the violation of the temporary restraining order was to be paid to the plaintiff, and was also evidenced by a promissory note but that payment was not guaranteed.

The language of the stipulation with respect to the fine is as follows:

. . . . it is further understood and agreed that with reference to any possible violations which may have occurred under that restrictive covenant and the temporary restraining order issued by your Honor, the defendant, Richard Marini, will agree and consent to the entry of a fine against him in the sum of $2,000, which fine may be purged by payment by defendant Marini to the plaintiff.

This court was furnished the file of the State Court action from which it appears that the State Court judge asked if the defendant would admit on the record that he was in violation of the temporary restraining order. The defendant, by counsel, stated that he was willing to admit "that there is a possibility that he may have violated the terms of the temporary restraining order." Defendant never paid the $2,000. Later, he filed a petition for relief under Chapter 7 of the Bankruptcy Code in which he listed the plaintiff as a creditor for the $2,000 which remains outstanding and unpaid.

The plaintiff contends that the State Court's order approving the settlement stipulation was a judgment in the nature of a fine as expressed by defendant's attorney, that the judgment was the result of the defendant's admission that he willfully violated the restrictive covenants and subsequent temporary restraining order, and that the plaintiff was thereby injured by the defendant. Thus, in the plaintiff's opinion, the defendant's conduct brought the $2,000 debt within the purview of § 523(a)(6) of the Bankruptcy Code.

The defendant contends that the debt was part of the settlement in the action brought by the plaintiff for violating the restrictive covenant and temporary restraining order. He further emphasizes that he never admitted violating the temporary restraining order. Therefore, he argues, the nature of the debt is not for "willful and malicious injury" within the meaning of § 523(a)(6).

## DISCUSSION AND CONCLUSIONS

### I

### THIS COURT HAS POWER TO DETERMINE THE DISCHARGEABILITY OF DEBTS INCURRED IN PRIOR STATE COURT PROCEEDINGS

In framing the issues the parties have asked this court to determine whether the subject stipulation agreement constituted a finding that the defendant had engaged in a willful and malicious act, thereby making the terms of the settlement a nondischargeable debt under 11 U.S.C. § 523(a)(6).

The defendant argues that he never admitted any wrong doing and that the $2,000 was in settlement of a dispute between the parties. In essence, although the precise term is not used, the defendant is asking this court to give a *res judicata* effect to the Stipulation and Order of the State Court and hold that, there being no finding of willful and malicious intent, discharge of the debt is allowable.

■ The defendant is correct in arguing that under the New York rules of evidence, which govern the State proceeding, and which we must respect, *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (1940), an agreement to settle a dispute is not an admission of wrongdoing. *Richardson on Evidence,* § 225 (10th Ed.1973). This rule is based on a sensible belief that by not recognizing settlements as admissions, judicial efficiency is effected. The defendant, however, is incorrect in arguing that this court is without jurisdiction to make a determination concerning dischargeability under 11 U.S.C. § 523(a)(6). The United States Supreme Court held in *Brown v. Felson*, 442 U.S. 127, 129, 99 S.Ct. 2205, 2208, 60 L.Ed.2d 767 (1979) that the bankruptcy court is not confined to a review of the judgment and record in the prior State Court proceeding when determining the dischargeability of respondent's debt, that when a debtor asserts the new defense of bankruptcy *res judicata* does not bar the creditor from offering additional evidence to meet that defense. The Court expressed the belief that a contrary result would force premature federal issues on state courts and would frustrate the command of the Bankruptcy Act that only honest debts are to be discharged. Thus, it is the rule that the bankruptcy courts are invested with an exclusive right to determine the dischargeability of a debt under the Bankruptcy Code in a particular proceeding. *In re Grainger*, 20 B.R. 7 (Bkrtcy.D.S.C.1981).

## II

## PUNITIVE FINES FOR CONTEMPT OF COURT ARE NONDISCHARGEABLE

Section 523(a)(6) requires denial of discharge of any debt incurred for "willful and malicious injury by the debtor to another entity." One of the most commonly accepted definitions of "willful and malicious injury" is found in 3 *Collier on Bankruptcy* ¶ 523.16 at 523–118 (15th ed. 1979) which states:

An injury to an entity of property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill will. The word "willful" means "deliberate or intentional", a deliberate or intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally which necessarily produces harm and is without just cause or excuse may constitute a willful and malicious injury.

This definition has been adopted by many bankruptcy courts and it is the one on which this court relies. *See, In re Sak,* 21 B.R. 305 (Bkrtcy.E.D.N.Y.1982); *In re De-Rosa,* 20 B.R. 307 (Bkrtcy.S.D.N.Y.1982); *In re Smith,* 11 B.R. 20 (Bkrtcy.N.D.Ohio 1981); *In re McGiboney,* 8 B.R. 987 (Bkrtcy. N.D.Ala.1981); *In re Donnelly,* 6 B.R. 19, 6 B.C.D. 1081 (Bkrtcy.D.Or.1980); *In re Hodges,* 4 B.R. 513, 6 B.C.D. 531 (Bkrtcy.W. D.Va.1980). The lesser standard of reckless disregard is insufficient. *In re DeRosa, supra.*

■ Proof of willful and malicious injury must be based on clear, cogent and convincing evidence. *Oriel v. Russell,* 278 U.S. 358, 362, 49 S.Ct. 173, 174, 73 L.Ed. 419 (1929); *Matter of Newmark,* 20 B.R. 842 (Bkrtcy.E. D.N.Y.1982); *In re Barlick,* 1 B.C.D. 412 (D.R.I.1974). Although § 523 has no provisions for burden of proof, Rule 407 of the Rules of Bankruptcy Procedure states that such burden rests with the plaintiff. *See, Matter of Newmark, supra.*

■ In examining the totality of the record we are unable to make an adequate determination regarding the degree of the defendant's intent. Without clearly establishing that he was willful and malicious, the $2,000 debt cannot be deemed nondischargeable pursuant to § 523(a)(6). We do find, however, that the $2,000 was a fine for contempt levied primarily to uphold the dignity of the State Court and that it is therefore nondischargeable under 11 U.S.C. § 523(a)(7). That section of the Bankruptcy Code says that a debt is nondischargeable "to the extent that such a debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."

■ The courts of this circuit have long drawn a distinction between contempt procedures that are designed to effectuate collection of a judgment and those that are in the form of a fine imposed to uphold the dignity of the court. *Guariglia v. Community National Bank & Trust Co.,* 382 F.Supp. 758 (E.D.N.Y.1974); *In re Bell,* 53 F.Supp. 993 (E.D.N.Y.1943); *In re McRoberts,* 17 F.Supp. 82 (W.D.N.Y.1936); *In re Thomashefsky,* 51 F.2d 1040 (2d Cir.1931); *Matter of Metz,* 6 F.2d 962 (2d Cir.1925); *In re Hall,* 170 F. 721 (S.D.N.Y.1909). That a fine for contempt may have been paid directly to the creditor is not necessarily determinative of whether it was designed to satisfy a judgment or simply to punish. This is a question of fact left to the discretion of the court. *Guariglia v. Community National Bank & Trust Co., supra; In re Spagat,* 4 F.Supp. 926 (S.D.N.Y.1933). We conclude that the $2,000 in question was in the nature of a nondischargeable fine for contempt of court.

The foregoing conclusion is based on the following analysis of the facts. When the defendant entered into the stipulation a clear distinction was drawn between the $14,500 agreed upon in satisfaction of the claim between the parties and the $2,000 labeled as a fine for violation of the temporary restraining order. The former was to be paid in three installments and was guaranteed by a third party. The $2,000, however, was specifically called a fine by the court and was to remain a personal obliga-

tion of the debtor. The punitive nature of the fine was clear. Moreover, it was proper under New York law for the court to have punished the defendant for having violated the temporary restraining order. *See Estate of Rothko*, 84 Misc.2d 830, 379 N.Y.S.2d 923 (1975) *modified on other grounds,* 56 A.D.2d 499, 392 N.Y.S.2d 870.

As earlier indicated, the fact that the fine was to be paid directly to the plaintiff is not necessarily relevant. The key is whether it was punitive or compensatory. This court finds that it was punitive inasmuch as there were separate provisions in the stipulation with regard to a settlement of claims between the parties and for the violation of the temporary restraining order, and because of the State Court's deliberate use of the term "fine" to describe the $2,000 debt. Under those circumstances, the $2,000 can only be labeled as a measure to punish the defendant for disobeying the court ordered injunction. Therefore, the debt is nondischargeable under 11 U.S.C. § 523(a)(7).

### III

### PLAINTIFF'S FAILURE TO PLEAD THE PROPER CAUSE OF ACTION DOES NOT PRECLUDE THE GRANT OF RELIEF

Although the pleadings pray for relief pursuant to 11 U.S.C. § 523(a)(6) and this court finds that relief should be granted pursuant to 11 U.S.C. § 523(a)(7), relief is nevertheless granted. The inaccurate pleading by the plaintiff is not a fatal defect. Bankruptcy Rule 715 incorporates by reference Rule 15(b) Fed.R.Civ.P., Rule 15(b) states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . but failure to so amend (to conform to the proof) does not affect the result of the trial of these issues.

Thus, the creditor's inartful pleading does not affect the ruling in this matter. *See, Matter of Retzlaff,* 1 B.R. 628 (Bkrtcy.E.D. Mich.S.D.1979).

SO ORDERED.