In re Harvey WEINGARTEN, dba Harvey Weingarten, D.P.M., Debtor.

Maurice Mize WISEMAN, Plaintiff,

v.

Dr. Harvey WEINGARTEN, D.P.M., Debtor/Defendant.

Bankruptcy No. 583–458.
Adv. No. 584–0091.

United States Bankruptcy Court, N.D. Ohio.

May 30, 1985.

Donald George, Akron, Ohio, for debtor.

A. William Zavarello and Elinore Stormer, Akron, Ohio, for plaintiff.

## FINDING AS TO DISCHARGEABILITY OF DEBT

H.F. WHITE, Bankruptcy Judge.

A complaint was filed by Maurice Mize Wiseman, hereinafter referred to as "Plaintiff", objecting to the discharge of a debt owed by Dr. Harvey Weingarten, hereinafter referred to as "Debtor". Plaintiff obtained a judgment against the Debtor in the Court of Common Pleas of Summit County on December 14, 1983 in the amount of $80,000.00. It is the contention of the Plaintiff that a willful and malicious injury was inflicted by the Debtor upon the Plaintiff by operating on a superficial lesion of the left hand of the Plaintiff in violation of Ohio Revised Code section 4731.51. The matter was duly scheduled for trial.

The court finds the following from the evidence and testimony of the two witnesses, being the Debtor and the Plaintiff:

## FINDING OF FACTS

1. The Debtor, Dr. Harvey Weingarten, is a podiatrist duly licensed by the State of Ohio to practice podiatry, said license being issued in 1955.

2. The Plaintiff was born May 6, 1923. His occupation for the last 25 years has been installing drywall.

3. Since approximately 1973 Plaintiff had been treated periodically by the Debtor for foot problems. In November, 1982 the Plaintiff appeared in the office of the Debtor complaining of pain in the little finger on his left hand. There was no dispute from the testimony that Plaintiff injured said finger while installing a panel of drywall.

4. The Debtor referred the Plaintiff to Barberton Citizens Hospital for x-rays which indicated a spur formation.

5. Based on that diagnosis, the Debtor performed an operation on the little finger of the Plaintiff which resulted in disability to said finger which impaired the Plaintiff's ability to hang drywall.

6. There is no dispute that, because of the operation performed by the Debtor, a tendon in the finger was severed. As a result, the Plaintiff has a permanent deformity in said finger which is surgically incorrectable.

7. There is conflicting testimony between the Plaintiff and the Debtor whether the spur in the finger was caused by the injury in the incident of hanging drywall or by a pre-existing arthritic condition which was aggravated by the injury when hanging the drywall.

8. A default judgment was taken against the Debtor on December 19, 1983 in the amount of $80,000.00 in the Common Pleas Court of Summit County based upon a violation of Ohio Revised Code section 4731.51.

## ISSUE

Does the violation of Ohio Revised Code section 4731.51 constitute a willful and malicious injury by the Debtor to the Plaintiff which would except said judgment from discharge in the bankruptcy proceeding pending in this court as provided under 11 U.S.C. section 523(a)(6) of the Bankruptcy Code?

## LAW

Ohio Revised Code section 4731.51 provides:

The practice of podiatry consists of the medical, mechanical, and surgical treatment of ailments of the foot, the muscles and tendons of the leg governing the functions of the foot; and superficial lesions of the hand other than those associated with trauma. Podiatrists are permitted the use of such preparations, medicines, and drugs as may be necessary

for the treatment of such ailments. The podiatrist may treat the local manifestations of systemic diseases as they appear in the hand and foot, but the patient shall be concurrently referred to a doctor of medicine or a doctor of osteopathic medicine and surgery for the treatment of the systemic disease itself. General anaesthetics may be used under this section only in colleges of podiatry approved by the medical board pursuant to section 4731.-53 of the Revised Code and in hospitals approved by the joint commission on the accreditation of hospitals, or the American osteopathic association. The use of x-ray or radium for therapeutic purposes is not permitted.

Plaintiff argues that the Debtor's violation of this statute constitutes a willful and malicious injury by the Debtor to the person of the Plaintiff. The court disagrees and finds that the Debtor's debt to the Plaintiff is dischargeable.

■ 11 U.S.C. section 523(a)(6) excepts from discharge those debts which arise from "willful and malicious injury by the debtor." "Willful" means deliberate or intentional; "malicious" indicates the absence of just cause. *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241 (5th Cir.1983); *In re Langer*, 12 B.R. 957 (D.N.D.1981); *In re Adams*, 21 B.R. 301 (Bkrtcy.N.D.Ohio 1982). There is no requirement, however, that the Plaintiff prove that the debtor harbored personal hatred, spite, or ill will. *In re Langer supra; In re Adams supra.*

■ One of the primary purposes of bankruptcy law is to give the honest debtor a fresh start in life, without the burden of pre-existing debt. *Perez v. Cambell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). In keeping with this policy, exceptions to discharge are strictly construed and the evidence must be viewed in the light most favorable to the debtor. *In re Cross*, 666 F.2d 873 (5th Cir.1982); *In re Marino*, 29 B.R. 797 (D.C.N.D.Ind.1983); *In re Fritts*, 26 B.R. 43 (Bkrtcy.E.D.Tenn.1982). Accordingly, the burden of proof is upon the plaintiff to establish by clear, cogent, and convincing evidence that the acts in ques-

tion were willful and malicious. *Oriel v. Russell*, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419 (1929); *In re Irvin*, 31 B.R. 251 (Bkrtcy.D.Col.1983); *In re Marini*, 28 B.R. 262 (Bkrtcy.E.D.N.Y.1983).

■ The court finds that the Plaintiff has failed to meet this burden of proof. There is no evidence, and Plaintiff does not contend, that the Debtor willfully and maliciously severed the tendon in Plaintiff's finger during the operation. At best this injury was caused by the Debtor's negligence which would support a claim against the debtor for malpractice. Debts arising from a debtor's negligent malpractice are not excepted from discharge under 11 U.S.C. section 523(a)(6). *In re Scharfe*, 40 B.R. 942 (Bkrtcy.E.D.Mich.1984); *In re Tanner*, 31 B.R. 338 (Bkrtcy.S.D.Fla.1983); *In re Webb*, 7 B.R. 569 (Bkrtcy.M.D.Ga. 1980).

■ Should the result be any different if it is assumed that the Debtor, in operating on the Plaintiff, intentionally violated the Ohio statute restricting the practice of podiatrists? The court concludes that it should not. In such a case, it is not the violation of the statute which causes the injury. The Plaintiff would have had no cause of action against the Debtor if the operation had been successful regardless of any violation of the statute on the part of the Debtor. The fact that the Debtor may have violated Ohio Revised Code section 4731.51 does not transform his negligent act into a willful and malicious act. This court has previously held that a debt arising from an act which was in violation of a state statute does not by itself make such a debt nondischargeable. *In re Stanfield*, 14 B.R. 180 (Bkrtcy.N.D.Ohio 1981). To hold otherwise would be to ignore the principle that exceptions to the dischargeability of debts are to be construed narrowly, in the light most favorable to the debtor.

■ Of course, where an intentional violation of a statute necessarily leads to injury, the debt may be found to be nondischargeable. Thus, premeditated murder or

an intentional and malicious assault may result in a nondischargeable debt. In such a case, it is not the violation of the statute but the act itself upon which the finding of nondischargeability is premised. The Debtor's violation of Ohio Revised Code 4731.51 does not prevent such a case. A violation of this statute does not necessarily lead to injury. Nor has there been any evidence that the Debtor knew he would injure the Plaintiff if he operated on him.

But even if a violation of section 4731.51 could result in a nondischargeable debt, the Plaintiff would have to show that said violation was willful and malicious. Plaintiff has failed to show this.

The facts and circumstances of the present case do not support the inference that the Debtor willfully and maliciously violated Ohio Revised Code section 4731.51. The statute itself authorizes a podiatrist to make some operations on a hand. At best, the evidence supports an inference that the Debtor misdiagnosed the Plaintiff's condition. The court cannot find that there is clear and convincing evidence that the Debtor knew Plaintiff's condition was caused by trauma but decided to operate anyway despite the language of the statute.

Ohio Revised Code section 4731.51 requires a podiatrist to make a skilled professional judgment. This has been recognized by at least one Ohio court:

> It becomes rather obvious that such section permits a podiatrist to engage in a rather wide range of professional medical activities concerning the foot, leg, and the hand, including surgical treatment. Such activities, we suggest, do in fact require an independent professional skill and judgment in the diagnosis and the treatment of certain physical ailments.

*Matthews v. Walker*, 34 Ohio App.2d 128, 135, 296 N.E.2d 569 (1973).

In reaching this judgment a podiatrist must ask a series of questions. "Is this a 'superficial lesion' of the hand?" "If so, is it caused by a 'trauma'?" These are not precisely defined medical terms.[1] Different persons might easily reach different diagnoses. Given the elasticity of these terms, the fact that Debtor may have misdiagnosed the Plaintiff's condition is not sufficient to show an intentional violation of the statute.

Nor has the Plaintiff shown that the violation of the statute was malicious. The facts show that the Debtor referred the Plaintiff to the hospital for x-rays. He did not operate until after he had received the x-rays and made his diagnosis. This exhibits a care on the part of the Debtor which is inconsistent with maliciousness.

The Plaintiff has this court's sympathy. He has suffered permanent damage as a result of the Debtor's malpractice. But neither the malpractice nor the alleged violation of Ohio Revised Code section 4731.51 constitutes a willful and malicious injury by the Debtor against the Plaintiff. As such, the court must find that the Debtor's debt to the Plaintiff is dischargeable.

---

1. One leading medical dictionary defines "lesion" as follows: "1. Morbid change in tissue formation locally. 2. An injury or wound. 3. Single infected patch in a skin disease." It defines "trauma" as "an injury or a wound" and "traumatic" is defined as "caused by or relating to an injury". *Taber's Cyclopedic Medical Dictionary*, pp. L–19, T–44 (11th ed. 1970).