**In re Donald F. STRUTZ, Debtor.**

**COMMERCIAL BANKERS LIFE INSURANCE CO., Plaintiff,**

v.

**Donald F. STRUTZ, Defendant.**

**Bankruptcy No. 91–11530.
Adv. No. 92–1335.**

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

April 8, 1993.

Thomas P. Yoder, Fort Wayne, IN, for plaintiff.

Mark A. Warsco, Fort Wayne, IN, for defendant.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

Plaintiff, Commercial Bankers Life Insurance Company, initiated this adversary

proceeding in order to obtain a declaration that debtor's obligation to it constitutes a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(7). This portion of the Bankruptcy Code excepts from the scope of a discharge

>   (a) ... any debt
>
>>   (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. 11 U.S.C. § 523(a)(7).

The debt in question is based upon a decision and judgment issued by the Grant Circuit Court which, inter alia, awarded Commercial Bankers attorney fees totaling $33,625.50, due to the manner in which debtor had prosecuted certain litigation against it.

The matter is before the court on defendant's motion to dismiss this proceeding. The motion has been filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Bankr.Proc. 7012(b). Defendant contends that plaintiff's complaint fails to state a claim upon which relief can be granted because the debt in question is not payable to a governmental unit and because it represents compensation for an actual pecuniary loss.

■ A motion to dismiss for the failure to state a claim cannot be granted unless it is clear that there is no set of facts plaintiff could prove in support of its claim which would entitle it to relief.[1] *Caldwell v. City of Elwood*, 959 F.2d 670, 671–72 (7th Cir.1992) (*citing Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir.

1991)). *See also Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir.1993).

Debtor is an attorney. Because of the decidedly unprofessional manner in which he conducted previous litigation with Commercial Bankers, the Grant Circuit Court found him in indirect contempt of court and ordered him to pay the clerk of that court a fine of $25,000.00.[2] Debtor was also ordered to "reimburse [Commercial Bankers] the sum of $33,625.50 as their attorney fees expended in this matter." This award was made pursuant to the court's authority, under I.C. 34–1–32–1, to grant attorney fees to an opposing party when a matter is litigated in bad faith. The genesis for both the finding of contempt, the fine, and the award of attorney's fees was the debtor's misrepresentation of his status as the attorney for a party in that litigation.

■ Debtor's initial challenge to plaintiff's complaint is based upon the plain language of § 523(a)(7), which requires that the fine be "payable to ... a governmental unit". Plaintiff concedes that the debt in question is not payable to a governmental unit. *See* 11 U.S.C. § 101(27). Nonetheless, it contends that this court should focus on the intent of the judge issuing the penalty. It argues that the sanction was imposed to uphold the dignity of the court and, thus, imposed for the benefit of a governmental unit. Plaintiff urges this alone should be sufficient to satisfy the test of § 523(a)(7).

Although plaintiff's position seemingly reads the words "payable to" out of the

---

1. In its response to defendant's motion, plaintiff submitted a partial transcript from the state court hearing, which included the trial judge's comments concerning debtor's actions, as well as copy of the court's findings of fact and the resulting judgment memorializing the debt. Although these documents did not accompany plaintiff's complaint, they are central to its claim of nondischargeability. Thus, their presentation does not convert the motion to dismiss into a motion for summary judgment under Rule 12(b)(7). *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1327, at 762–63 (2nd ed. 1990). *See also Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir.1991); *Venture Assocs.*

*Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir.1993). This is especially true where, as here, the defendant does not object to the court's consideration of them and, in fact, refers to them itself. *See United States v. District Council of United Brotherhood of Carpenters & Joiners*, 778 F.Supp. 738, 749 n. 3 (S.D.N.Y.1991) (court could consider matters outside pleadings on motion to dismiss where plaintiff had explicitly cited to and quoted them in its brief concerning the motion).

2. Defendant does not dispute that the $25,000.00 owed to the court as a fine is nondischargeable pursuant to § 523(a)(7).

statute, it is not without support. The argument relies primarily upon a line of authority that begins with *In re Marini*, 28 B.R. 262 (Bankr.E.D.N.Y.1983). There the bankruptcy court was confronted with an issue concerning the dischargeability of a $2,000.00 contempt sanction imposed upon the debtor due to the violation of a temporary restraining order. Although the debt in question was not payable to a governmental unit, the court, nonetheless, determined that it was not dischargeable pursuant to § 523(a)(7). The court concluded that the sanction had been "levied primarily to uphold the dignity of the State Court...." *Id.* at 265. The entity to whom the fine was payable was not so important as the purpose the fine was intended to serve. "[T]he fact that the fine was to be paid directly to the plaintiff is not necessarily relevant. The key is whether it was punitive or compensatory." *Id.* at 266. Based upon the record before it, the court concluded that the sanction had been imposed to punish the debtor for having disobeyed the state court's order and, therefore, constituted a nondischargeable debt. *Id.*

Since the decision in *Marini*, other courts have adopted its rationale. *See In re Gedeon*, 31 B.R. 942, 945–46 (Bankr.D.Colo. 1983); *In re Winn*, 92 B.R. 938, 939–40 (Bankr.M.D.Fla.1988). *See also In re Corbly*, 61 B.R. 851, 856–57 (Bankr.D.S.D. 1986), *on reconsideration*, 149 B.R. 125 (Bankr.D.S.D.1992). For these courts, the determinative issue under § 523(a)(7) is not the identity of the party to whom the money is owed, but the intent or purpose of the sanctioning court in making the award.

■ This court must respectfully and reluctantly disagree. Although there are certainly excellent policy reasons for the "totality of the circumstances" inquiry adopted by *Marini* and its progeny, that type of analysis is demonstrably at odds with the plain meaning of the statute. In deciding whether or not a particular debt falls within an exception to discharge, the court must construe the exception narrowly. The various exceptions of § 523 are interpreted liberally in favor of the debtor and strictly against the creditor. *Matter of Zarzynski*, 771 F.2d 304, 306 (7th Cir.1985); *In re Betts*, 149 B.R. 891, 895 (Bankr. N.D.Ill.1993); *In re Gresso*, 115 B.R. 628, 632 (Bankr.N.D.Ind.1990).

■ Congress has already confronted the types of fines, penalties and forfeitures that are to be excepted from discharge under § 523(a)(7) and, in doing so, has determined that only those that are "payable to *and* for the benefit of a governmental unit" qualify. In this regard, the language of the statute is unambiguous. A debt is nondischargeable only if *both* criteria are met. Thus, a debt must be payable to a governmental unit to be nondischargeable under § 523(a)(7). If the obligation is owed to something other than a governmental unit, the debt will be a dischargeable one. *In re Ellwanger*, 105 B.R. 551, 555–56 (Bankr. 9th Cir.1989) This remains true even if the payment of the debt will somehow benefit that governmental unit. The courts that focus solely upon the "for the benefit of" language of § 523(a)(7) have mistakenly overlooked an equally important portion of the statute.

The attorney's fees that the debtor has been ordered to pay are payable to the plaintiff—not a governmental unit. Under § 523(a)(7),

Congress clearly addressed the question of excepting noncompensatory damages from discharge and determined that only governmental units can avail themselves of the exception. *Ellwanger*, 105 B.R. at 556. *See also Matter of Suter*, 59 B.R. 944, 947 (Bankr.N.D.Ill.1986).

Since the plaintiff is not a governmental unit, it may not take advantage of § 523(a)(7) to except debtor's obligation to it from the scope of any discharge.

Plaintiff argues that the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) should somehow affect the court's analysis. *Kelly* does not speak to the issue before the court. In *Kelly*, the Court held "that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Kelly*, 479 U.S. at 50, 107 S.Ct. at 361. To the extent that *Kelly* involved a debt that

arose out of criminal proceedings it is clearly distinguishable. More importantly, there was no question that the creditor, an agency of the State of Connecticut, was a governmental unit that was qualified to claim the protection of the statute. Thus, the Court did not address the "payable to" portion of § 523(a)(7), the part of the statute which is implicated here. Instead, the issue involved whether a criminal restitution judgment satisfied the requirements of the other qualifying conditions of § 523(a)(7), i.e., that the debt be "for the benefit of" a governmental unit and "not compensation for actual pecuniary loss." *Kelly,* 479 U.S. at 51, 107 S.Ct. at 362. The Court concluded that it did. Because the Supreme Court did not address the significance of the statute's requirement that the debt in question be payable to a governmental unit, *Kelly* offers little guidance in this matter.

Because the debtor's obligation to plaintiff is not "payable to ... a governmental unit" § 523(a)(7) does not except that debt from discharge. Thus, it is not necessary to determine the other issue presented by the motion, whether the award of attorney's fees was "compensation for actual pecuniary loss." Defendant's motion to dismiss will be granted.