In re Harry **SILVERMAN**, d/b/a Gardner Realty Trust, Debtor.

**BAYBANK VALLEY TRUST CO., Plaintiff,**

v.

Harry **SILVERMAN**, Defendant.

Bankruptcy No. 4–80–00653–G.
Adv. No. 4–80–00225–G.

United States Bankruptcy Court,
D. Massachusetts.

June 18, 1981.

---

Joseph B. Collins, Springfield, Mass., for plaintiff.

Paul R. Salvage, Springfield, Mass., for defendant.

## MEMORANDUM AND ORDER RE: MOTION TO DISMISS COMPLAINT

PAUL W. GLENNON, Bankruptcy Judge.

The Defendant, Harry Silverman, d/b/a, Gardner Realty Trust filed a petition under Chapter 11 of the Bankruptcy Code on October 8, 1980. On January 5, 1981, the plaintiff, BayBank Valley Trust Co., ("the Bank") filed a complaint to have their debt excepted from discharge pursuant to § 523 of the Bankruptcy Code. The defendant, Harry Silverman ("Silverman") filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiff then filed an amended complaint on February 10, 1981. Counsel for both the plaintiff and defendant stipulated that upon oral argument and memoranda being submitted by counsel that the court could rule on the amended complaint filed February 10, 1981 and the motion filed on January 5, 1981. (Tr. 3–4)

I

The amended complaint in counts I, II, and III, merely covers in greater detail the allegations of the original complaint. Counts IV and V of the amended complaint add new allegations and different causes of action.

Counts I, II, and III, of the Bank's complaint arise from Silverman's position as president, chief operating officer, and major stockholder of the Springfield Nash Motor Sales, Inc., an American Motors Dealership. Silverman is also a guarantor of loans owing from the dealership to the Bank. The Bank has averred that Silverman had violated an agreement known as a "Floor Planning and Security Agreement" for the financing of the dealership's goods when he failed to turn over the receipts from sales under that arrangement. Mr. Silverman asserts that the agreement was a corporate obligation between the Bank and Springfield Nash Motor Sales, Inc. The Bank further asserts that Silverman's guaranty of the dealership's loans created a fiduciary relationship by failing to turn over proceeds of sales to the Bank. The defendant moves to dismiss these counts on the grounds that the plaintiff has failed to state a claim against the defendant upon which relief can be granted.

In Count IV of the amended complaint, the plaintiff, as issuer of a credit card to the defendant, alleges that the debtor committed fraud in securing cash, goods, and services within the ninety days preceding the filing of the petition by use of the credit card both before and after the filing of the petition. In Count V of the amended complaint, plaintiff alleges that both plaintiff and defendant are engaged in trade or business as defined by *Massachusetts General Laws* c. 93A § 11. The plaintiff further alleges that the acts of the defendant referred to in Counts I, II, III and IV of the

complaint were done knowingly and intentionally. The plaintiff claims that these acts were unfair and deceptive as defined in that section of the Massachusetts General Laws. Neither counsel for the defendant nor counsel for the plaintiff referred to Counts IV and V of the amended complaint in either oral argument or in their briefs. As there is no discussion by counsel for the defendant, I am assuming that there is no motion to dismiss concerning these counts.

## II

Rule 712 of the Federal Rules of Bankruptcy Procedure incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal under Rule 712 incorporates the same standards of the Federal Rules of Civil Procedure. See *In re Cole Associates, Inc.*, 7 B.R. 154, 6 B.C.D. 565 (1980). In order to prevail on the motion, the Defendant has to show that the plaintiff is entitled to no relief under any statement of the facts which could be proved to support the claim. *Ballou v. General Electric Company*, 393 F.2d 398 (1st Cir. 1968).

The set of allegations in Counts I, II, and III of plaintiff's amended complaint are similar to the facts related in *The Farmer's and Mechanics Bank v. Gary D. Stone*, 3 B.C.D. 871 (S.D.Ill.1977). In that case, the court reviewed a situation where the president of a corporation had failed intentionally to pay the lender pursuant to a Floor Plan Arrangement, and that the failure was without justification or excuse. The court held that in that situation the debtor's unexcused intentional failure to repay the lender was tantamount to a conversion, and was willful and malicious within the meaning of § 17(a)(2) of the Bankruptcy Act. The situation described in Counts I, II, and III is sufficiently similar to find that relief to the plaintiff is plausible. Because relief to the plaintiff is plausible, the defendant's motion to dismiss cannot be granted.