**In the Matter of Robert Reid LUTZ, Jr., Debtor.**

**Michael FORAN and Marvista Maritime, Inc., as owner of the Vessel C/S Zim Livorno, Plaintiffs,**

**v.**

**Robert Reid LUTZ, Jr., Defendant.**

**Bankruptcy No. 93–41070.**
**Adv. No. 93–4154.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

May 27, 1994.

James B. Blackburn, Jr. and Paul Painter, Jr., Savannah, GA, for plaintiffs.

Richard C. Metz, Savannah, GA, for defendant.

### MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

LAMAR W. DAVIS, Jr., Chief Judge.

This matter comes before the Court on Plaintiffs' Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment. Based upon the parties' briefs, the record in the file and the applicable authorities, I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor, Robert Reid Lutz, Jr., and a third party, Frank Meade, initiated an action in admiralty against the Vessel C/S Zim Livorno and Michael Foran, in the United States District Court for the Southern District of Georgia, Savannah Division. The suit alleged that Michael Foran, while piloting the ZIM LIVORNO, struck Debtor's shrimp boat, the DANA JEAN, while it was submerged in the Savannah River. The Defendants denied any liability, maintaining that ZIM LIVORNO did not strike Debtor's boat. The suit was tried by bench trial in front of the Honorable B. Avant Edenfield, and by Order dated February 23, 1993, Judge Edenfield concluded that the ZIM LIVORNO did

not strike Debtor's boat.[1] Accordingly, a verdict for the Defendants was entered.

Following the entry of the verdict in their favor, Defendants moved the District Court to sanction Debtor and his co-plaintiff under Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent powers. After conducting a show cause hearing on the Motion, the Court entered a detailed order granting Defendants' Motion with respect to Debtor and Frank Meade.[2] The Court concluded that Marvista Maritime, Inc., owner of the ZIM LIVORNO, and Michael Foran had each reasonably incurred attorney's fees in the amount of $32,587.90 in defending the unfounded lawsuit. Accordingly, the Court awarded, as sanctions against Debtor and Frank Meade, attorney's fees of $32,587.90 in favor of each defendant in the action. Thus, Debtor and Frank Meade are jointly and severally liable to Marvista Maritime, Inc., and Michael Foran in the total amount of $65,175.80.

In making this award against Debtor and his co-plaintiff, the Court made a number of findings of fact regarding their behavior and state of mind in bringing the admiralty suit. "Deeply concerned" about the actions of Debtor and his co-plaintiff in prosecuting the case, the Court concluded that both had "lied about the very existence of the events on which they based their claim."[3] Specifically the Court made the following findings:

> The Court has made findings of fact that indicate Plaintiff's version of events is false. *Specifically the Court finds that Plaintiffs did not see the Zim Livorno on May 20, 1991, that they were not attempting to salvage the DANA JEAN on that date and that they fabricated these events with full knowledge and understanding that they were making misrepresentations to the Court.* The Court finds these acts to constitute bad faith and an attempt to perpetrate a fraud on this Court.[4]

Later in its Order, the Court made clear that it was awarding sanctions against Debtor and his co-plaintiff because they had invented the entire story upon which their suit was based for the purpose of extracting money from Michael Foran and Marvista Maritime, Inc.:

> The Court cannot envision a situation in which sanctions could be more appropriately imposed upon a represented party. *The Plaintiffs did not have a "subjective belief" that their allegations were false; rather, they knew with certainty that the events on which the complaint was based were false.* The Plaintiffs essentially used their attorneys as an instrument to assert their unfounded allegations for the *sole purpose of receiving money from these Defendants,* and they cannot be allowed to hide behind counsel's reasonable belief to avoid sanctions.
>
> Accordingly, after thoroughly considering the evidence presented during the trial of this case and the show cause hearing, the Court concludes that, under Rule 11 and the Court's inherent powers, the *Plaintiffs should be sanctioned for acting in bad faith in this litigation.* The *egregious nature* of the Plaintiff's activities in attempting to *perpetrate a fraud upon this Court* justifies an award to the Defendants of the reasonable amount of defending this action.[5]

Debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code on June 23, 1993, seeking to discharge the indebtedness created by the District Court's Order awarding sanctions against him. On October 7, 1993, Michael Foran and Marvista Maritime, Inc. (hereinafter "Plaintiffs") initiated this proceeding seeking to have the subject debt declared exempt from discharge pursuant to the provisions of Sections 523(a)(2), (6) and (7) of the Bankruptcy Code. Plaintiffs filed their Motion for Summary Judgment in this proceeding on January 24, 1994. In their Motion, the Plaintiffs argue that this

---

**1.** *See R. Reid Lutz and Frank Meade v. C/S Zim Livorno and Michael Foran,* CV491–307, slip op. at 13–14 (S.D.Ga. February 23, 1993).

**2.** *See R. Reid Lutz and Frank Meade v. C/S Zim Livorno and Michael Foran,* CV 491–307, slip op. (S.D.Ga. April 23, 1993).

**3.** *Id.* at 3–4.

**4.** *Id.* at 4–5 (emphasis added).

**5.** *Id.* at 6–7 (emphasis added).

Court should apply the doctrine of collateral estoppel with respect to the factual findings of the District Court and conclude that the debt is nondischargeable as a matter of law under either section 523(a)(6) or section 523(a)(7) of the Bankruptcy Code. .

Debtor opposes the Motion on the grounds that District Court order awarding sanctions was based upon a finding of bad faith rather than a finding of willful and malicious conduct, that the issue of willfulness and maliciousness was not litigated in the District Court, and that determination of willfulness and maliciousness was not a critical, necessary part of the judgment in the District Court case. Thus, according to Debtor, the doctrine of collateral estoppel does not prevent inquiry into the issues of whether Debtor acted in a willful and malicious manner. The record was complete upon filing of the transcript of the proceeding in District Court in late March 1994.

### CONCLUSIONS OF LAW

Both parties have presented a number of matters in support of their position that are outside the scope of the pleadings. Accordingly, Plaintiffs' Motion will be considered under the standards applicable to a motion for summary judgment. See Fed.R.Bankr.P. 7012(c). Bankruptcy Rule 7056 incorporates Rule 56 of the Federal Rules of Civil Procedure, which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The moving party bears the initial burden of showing the absence of any genuine issue of material facts. Bald Mountain Bank, Ltd. v. Oliver, 863 F.2d 1560 (11th Cir.1989). The movant should identify the relevant portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits to show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party must support its motion with sufficient evidence and "demon-

strate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute ...". United States v. Twenty (20) Cashier's Checks, 897 F.2d 1567, 1569 (11th Cir.1990) (quoting Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368–69 (11th Cir.1982)).

Once the movant has carried its burden of proof, the burden shifts to the non-moving party to demonstrate that there is sufficient evidence of a genuine issue of material fact. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991). The non-moving party must come forth with some evidence to show that a genuine issue of material fact exists. United States v. Four Parcels of Real Property, 941 F.2d at 1438. The trial court should consider "all the evidence in the light most favorable to the non-moving party." Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir.1987).

Plaintiffs' argument in support of their Motion is two-fold. First, they contend that Debtor is collaterally estopped from contesting the findings of fact made by the District Court's in its April 23rd Order. Second, they contend that the District Court's findings of fact establish, as a matter of bankruptcy law, that the award of sanctions is non-dischargeable because it is a debt arising from either a willful and malicious injury under section 523(a)(6) or a fine, penalty or forfeiture payable to and for the benefit of a governmental unit under section 523(a)(7).

■ Turning first to the doctrine of collateral estoppel, there is little question that the doctrine applies to proceedings to determine dischargeability. See Grogan v. Garner, 498 U.S. 279, 285, n. 11, 111 S.Ct. 654, 658, n. 11, 112 L.Ed.2d 755 (1991); In re St. Laurent, 991 F.2d 672, 675 (11th Cir.1993). Collateral estoppel precludes the relitigation of an issue that has been previously decided in a judicial proceeding if the party against whom the prior decision is asserted had a "full and fair opportunity to litigate that issue in an earlier proceeding." In re St. Laurent, 991 F.2d at 675 (quoting Allen v. McCurry, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)). This full and fair opportunity to litigate an issue is particularly

important when, as in this case, a party is seeking to use collateral estoppel in an offensive manner. *See Matter of McWhorter*, 887 F.2d 1564, 1567 (11th Cir.1989). The party seeking to invoke collateral estoppel to preclude relitigation of an issue, bears the burden of proving the existence of the following four elements with respect to that issue:

1) The issue at stake must be identical to the one involved in the prior litigation;

2) The issue must have been actually litigated in the prior judicial proceeding;

3) The determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and

4) The party against whom the other decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Matter of McWhorter*, 887 F.2d at 1566 (*citing I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir.1986)).

▮▮▮ When, as in this case, a creditor seeks to use the doctrine of collateral estoppel to establish a section 523 exception to discharge, it is necessary to compare what the creditor is required to prove under the particular exception versus what was required to be proven in the previous litigation. Looking first at section 523(a)(6), it provides in relevant part:

(a) A discharge ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). This court has previously held that, in order to except a debt from discharge under Section 523(a)(6), the creditor must prove the following three elements by a preponderance of the evidence:

1) That the Debtor injured another entity or the property of another entity;

2) That the Debtor's actions were deliberate and intentional; and

3) That the Debtor's actions were malicious.

*See Matter of George Leon Day (Western Temporary Services, Inc. v. George Leon Day)*, Adv. Pro. Nos. 91–4083, 91–4138, Ch. 7 No. 91–40674, slip. op. at 18 (Bankr.S.D.Ga. April, 13, 1993) (*citing Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). The Eleventh Circuit, in *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257 (11th Cir.1988), approved and adopted the approach set forth in *United Bank of Southgate v. Nelson*, 35 B.R. 766 (N.D.Ill.1983), in construing the "willful and malicious" elements of 11 U.S.C. Section 523(a)(6). Under *Southgate*, "willful means deliberate or intentional" and "malice for purposes of section 523(a)(6) can be established by a finding of implied or constructive malice." *Rebhan*, 842 F.2d at 1263. "No showing of personal hatred, spite or ill-will is required to prove an injury malicious; it is enough that it was 'wrongful and without just cause or excuse'." *In re Lindberg*, 49 B.R. 228, 230 (Bankr.D.Mass.1985) (*quoting In re Askew*, 22 B.R. 641, 643 (Bankr.M.D.Ga.1982), *aff'd, Askew v. Braunner*, 705 F.2d 469 (11th Cir.1983)). Hence, an injury is considered "willful" if it is intentional and "malicious" if it results from an intentional or conscious disregard for one's duties. *Id.*

▮▮▮ It is apparent from the District Court's April 23rd Order that the Court did not apply a willful and malicious standard in deciding whether to impose sanctions upon Debtor and his co-plaintiff. Rule 11 of the Federal Rules of Civil Procedure does not impose such a standard [6], and the District Court did not expressly make a finding that Debtor had acted with malice. Thus, the

---

6. In its April 23rd Order, the District Court noted that a district court may impose Rule 11 sanctions under the following circumstances:

(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the

party files a pleading in bad faith for an improper purpose.

*R. Reid Lutz and Frank Meade v. C/S Zim Livorno and Michael Foran*, CV 491–307, slip op. at 5 (S.D.Ga. April 23, 1993) (*quoting Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.1991)). Clearly, then, a finding of willfulness and maliciousness is not a prerequisite to the imposition of Rule 11 sanctions.

issue of willfulness or maliciousness was not expressly decided at the show cause hearing on the motion for sanctions, and Debtor is not, therefore, foreclosed from arguing that his actions in bringing the suit are legally insufficient, as a matter of bankruptcy law, to support a finding of a willful and malicious injury under section 523(a)(6).[7]

■ The findings of fact that the District Court made in imposing the sanctions are a different matter, however. The major factual issue, resolved by the District Court in its April 23rd Order, was whether the Plaintiffs had fabricated the entire lawsuit in question. After concluding that they had the Court, applying Rule 11 standards, imposed sanctions. The factual issue decided is identical to a major factual issue in this proceeding, was actually litigated in the trial of the suit and the show cause hearing, was a critical and necessary part of the District Court's award of sanctions against Debtor, and was considered under the same preponderance of the evidence standard.

Accordingly, those findings of fact which the District Court made on this issue may not be contested in this proceeding.[8] Having reviewed the District court's Order of April 23rd, I conclude that Debtor is collaterally estopped from relitigating the following findings of fact:

1) That Debtor did not see the ZIM LIVORNO strike his boat as he was attempting to salvage it;

2) That Debtor fabricated the events upon which he based his suit with full knowledge and understanding that he was making misrepresentations to the District Court;

3) That Debtor did not have a "subjective belief" that the events on which he based the lawsuit were false; rather, he knew with certainty that these events did not occur;

4) That Debtor sought to use his attorney as an instrument to assert unfounded allegations for the sole purpose of extracting money from Plaintiffs; and

5) That Debtor acted in bad faith in attempting to perpetrate a fraud on the District Court.

■ The only role of this Court is to determine whether those facts, and the damages flowing from them, also establish a willful and malicious injury as a matter of law. Debtor contends that these facts do not establish a willful and malicious injury. I disagree. Applying the three elements required for a willful and malicious injury, as listed above, I conclude that these facts establish that the award of sanctions is such a debt.

With respect to the first element, the District Court found injury to the Plaintiffs in that each had incurred, in defending Debtor's unfounded suit, reasonable expenses, including attorney's fees, in the amount of $32,587.90. But for Debtor's unfounded lawsuit, Plaintiffs would not have incurred any of these expenses. Thus, Debtor's actions in bringing the suit inflicted an injury upon Plaintiffs, which the District Court valued at $65,175.80.

The second and third elements are likewise established by the findings of fact in the Court's April 23rd Order. The District Court expressly found, as set forth above,

7. *See In re Wrenn*, 791 F.2d 1542, 1544 (11th Cir.1986) (award of attorney's fees against debtor (plaintiff in Title VII action) would not support finding of willful and malicious injury where such award could be made if "plaintiff's action was frivolous, unreasonable, or without foundation, even though brought in bad faith."). *Cf. In re Yanks*, 931 F.2d 42, 42–43 (11th Cir.1991) (judgment in state court defamation action against debtor estopped debtor from denying dischargeability of debt in Chapter 7 case under section 523(a)(6) where judgment necessarily premised upon alternative theories of malice or implied malice); *In re Latch*, 820 F.2d 1163, 1165–66 (11th Cir.1987) (debtor, who was convicted of civil theft under a Florida statute, which

required a finding of a criminal intent to do a wrongful act, was collaterally estopped from denying that his actions were willful and malicious).

8. *See e.g., In re Wallace*, 840 F.2d 762, 764–65 (10th Cir.1988) ("Although the bankruptcy court in a dischargeability action under section 523(a) ultimately determines whether or not a debt is dischargeable, we believe that the doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability, as the Supreme Court noted in *Brown*.")

that Debtor and his co-plaintiff deliberately fabricated the events upon which the suit was based. The Court ·further found that Debtor's sole purpose in bringing the suit was to extract money from Plaintiffs. Thus, Debtor not only knew that the ZIM LIVORNO did not strike his boat, he fabricated all of the events upon which his suit was based for the sole purpose of extracting money from parties who had absolutely nothing to do with the sinking and subsequent damage to Debtor's shrimp boat. These facts demonstrate that Debtor acted in a deliberate and intentional manner in bringing the suit, as opposed to acting in a merely negligent or reckless manner. Debtor's actions were also malicious in the sense that they were "wrongful and without just cause or excuse", thus supporting a finding of implied malice under *Rebhan, supra.* Moreover, I find Debtor's actions to have risen to the level of "personal hatred, spite or ill-will". The decision to knowingly file suit against defendants, who were totally innocent and blameless, by Debtor and his co-plaintiff, demonstrates clear personal spite or ill-will towards the victims of that lawsuit, Michael Foran and Marvista Maritime, Inc.

Plaintiffs have, therefore, established each of the three elements necessary to show a willful and malicious injury under section 523(a)(6) of the Code. Accordingly, Plaintiffs have made a *prima facie* showing that they are entitled to summary judgment declaring the sanctions to be a non-dischargeable debt under section 523(a)(6), and the burden is thereby shifted to Debtor to show that there is a genuine issue of material fact or that judgment should not be entered as a matter of law.

As Debtor attempts to carry this burden, he will not be permitted to collaterally attack those issues of fact which the District Court specifically addressed in its Orders, but Debtor would not be barred from presenting evidence, which, because the District Court was not applying a willful and malicious standard, was not relevant in the trial or show cause hearing, but which would be relevant

in this proceeding. However, Debtor has pointed to no such specific evidence.

The only evidence which Debtor submitted in opposition to Plaintiffs' motion was the transcripts from both the bench trial and the show cause hearing. Citing the Eleventh Circuit's decision in *In re Ikner,* 883 F.2d 986 (11th Cir.1989), Debtor contends that this court must make an independent review of the evidence that was submitted to the District Court in determining whether Debtor's conduct in bringing suit was willful and malicious.[9] In reaching its holding in *Ikner,* however, the Eleventh Circuit twice noted that the state trial court, in which the adverse judgment creating the debt had been rendered, did not make specific findings of fact in reaching its judgment.[10] Accordingly, the Court concluded that it could not determine whether a state court judgment founded upon "wanton" behavior rested upon a finding that the behavior was reckless (which would be dischargeable) or intentional (which would not). Thus, it found a review of the entire record to be proper.[11] Such is not the case here. The District Court, after hearing all of the evidence adduced at trial and at the show cause hearing, made specific findings of fact, as set forth above, regarding Debtor's state of mind and motive in bringing the lawsuit. There is no doubt as to the factual basis for those conclusions and, for reasons set forth above, the District Court's legal conclusions are not relied upon in this opinion. Therefore, this court is not required to examine the entire record. Rather, it is incumbent upon the party opposing the motion for summary judgment to identify wherein a genuine issue of material fact may exist and not merely rest on the record as a whole. Since Debtor has not done so, I hold that Plaintiffs are entitled to judgment as a matter of law. Because of the conclusion reached herein, I need not address the Section 523(a)(7) contentions.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER

**9.** *See also In re Latch,* 820 F.2d 1163, 1166 (11th Cir.1987).

**10.** *See Ikner,* 883 F.2d at 989 and 990.

**11.** *Id.* at 989, n. 2.

**480**

OF THIS COURT that the Motion for Summary Judgment of Plaintiffs, Michael Foran and Marvista Maritime, Inc., as owner of the Vessel C/S ZIM LIVORNO, is hereby GRANTED; let judgment be entered declaring that the debt in the amount of $65,175.80 arising from the District Court's Order, styled *R. Reid Lutz and Frank Meade v. C/S Zim Livorno and Michael Foran,* CV 491–307, slip op. (S.D.Ga. April 23, 1993), is nondischargeable in Debtor's Chapter 7 bankruptcy proceeding.