**In re James G. McINTYRE and Gayle L. McIntyre.**

**BANK OF MISSISSIPPI**

v.

**James G. McINTYRE and Gayle L. McIntyre, Magnolia Federal Bank for Savings, the Federal Deposit Insurance Corporation and John Does 1–10.**

**Bankruptcy No. 8702166JC.**
**Adv. No. 870149JC.**

United States Bankruptcy Court,
S.D. Mississippi, S.D.

Jan. 25, 1989.

Richard A. Montague, Jackson, Miss., for plaintiff.

Barney E. Eaton, III, Jackson, Miss., for defendant.

### ORDER

EDWARD R. GAINES, Bankruptcy Judge.

There came for consideration the Motion for Payment of Sanctions filed by the Bank of Mississippi. Having reviewed the pleadings and memoranda submitted by counsel for the Bank of Mississippi and the Debtors, the Court finds that the sanctions in the amount of $16,994.38 imposed on June 14, 1988, 96 B.R. 65 upon the Debtors pursuant to Bankruptcy Rule 9011 are not post-petition administrative expenses. The Court further finds that the $10,000.00 presently being held in the trust account of the attorneys for the Debtors should be released immediately to the Debtors and not paid over to the Bank of Mississippi in partial satisfaction of the awarded sanctions.

### I. Factual Background

The Debtors originally filed for relief under Chapter 11 of the Bankruptcy Code. The Bank of Mississippi filed the above numbered adversary proceeding against the Debtors. The Debtors counterclaimed within the adversary proceeding. At the conclusion of the hearing of the adversary, this Court imposed sanctions pursuant to Bankruptcy Rule 9011 on the Debtor, James G. McIntyre, in the amount of $16,-994.38. This Court ordered the Debtor, James G. McIntyre, to turn over $10,000.00

of post-petition earnings to the trust account of his attorney to be held until further order of this Court. Subsequently the Debtors converted to Chapter 7.

The Bank of Mississippi sought through its motion to have the sanctions declared a post-petition administrative expense and requested that this Court order payment of the $10,000.00 held in trust to the Bank of Mississippi in partial satisfaction of the sanctions awarded.

## II. Conclusions of Law

■ Section 503 of the Bankruptcy Code clearly sets forth specific items which constitute administrative expenses. Rule 9011 sanctions are not contained in that list. To allow payment of Rule 9011 sanctions as an administrative expense would be detrimental to subordinate creditors who had nothing to do with the conduct leading to the sanctions. It is this Court's opinion that the proper way to resolve this problem is to declare the Rule 9011 sanctions as non-dischargeable under § 523(a)(6) and § 523(a)(7) of the Bankruptcy Code. One Bankruptcy court has held that contempt judgments may be non-dischargeable under § 523(a)(7) even if the award is payable to a creditor other than a governmental unit. *See In re Corbly* 61 B.R. 851 (Bkrtcy.D.S. D.1986).

The cases cited by the Bank of Mississippi that allowed administrative expenses for negligence, etc. by the trustee in Chapter 11 cases are distinguishable from this case. Those damages were incurred during the administration of the estate and were actual and necessary expenses incurred for preserving the estate. The Rule 9011 sanctions granted in this case for the filing of a frivolous counterclaim do not fall in the category of estate administration.

The Bank of Mississippi suggests that it has a § 507(b) priority claim. However, to have a § 507(b) claim, there must first be a § 503 administrative expense claim. This Court has found that there is no such § 503 administrative expense claim as set out hereinabove. Also, the § 507(b) claim must arise from the stay of action against property under § 362 or from the granting of a

lien under § 364(b), neither of which is the case here.

On June 14, 1988, the Opinion and Order rendered by this Court granted a judgment in favor of the Bank of Mississippi. At that time, the Bank of Mississippi had a post-petition claim. However, on June 28, 1988, the Debtors converted to a Chapter 7. This totally changed the circumstances from those set forth in the *Matter of Moody*, 837 F.2d 719 (5th Cir.1988). The conversion to Chapter 7 changed the Bank's claim from a post-petition claim to a pre-petition claim, as set forth in 11 U.S.C. § 348, 11 U.S.C. § 101, and *Collier on Bankruptcy* § 348.05 at 348–6 (15th Ed. 1983). After this case was converted from Chapter 11 to Chapter 7, the post-petition claim of the Bank of Mississippi became a general unsecured pre-petition claim.

Based on *Moody, supra*, the $10,000.00 being held in the trust account of the attorneys for the Debtors is not property of the bankruptcy estate. Thus the $10,000.00 cannot be used to pay any pre-petition debts.

In addition to the foregoing, the Bank takes the position that James McIntyre waived any right to the $10,000.00 based on his testimony during the adversary proceeding. The Court disagrees. There was no intent to waive that right. The intent of Mr. McIntyre was to save his home.

As stated in the Debtors' brief, to allow the $10,000.00, which is not property of the estate, to be paid over to the Bank of Mississippi, would result in a direct preference payment to one general unsecured pre-petition creditor to the detriment of all others.

Since the $10,000.00 is not property of the estate as defined in § 541(a)(6) and § 348(a), the $10,000.00 should be paid over to the Debtors immediately.

■ One additional matter remains for discussion and resolution. Can a Rule 9011 sanction be discharged? This Court must answer that question with a resounding "NO"! To allow the offending party to discharge a Rule 9011 sanction would totally defeat, destroy, and emasculate its pur-

pose. While the sanction may not be an administrative expense, it certainly must be non-dischargeable.

SO ORDERED.