**Joseph H. GOLANT, Appellant and Cross–Appellee,**

v.

**CARE COMM, INC., a Kentucky Corporation, Appellee and Cross–Appellant.**

No. 97 C 6722.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 30, 1997.

---

**OPINION AND ORDER**

NORGLE, District Judge.

Before the court are cross-appeals from an order entered on August 14, 1997, by Chief Judge Schwartz of the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court"). The Bankruptcy Court denied Care Comm, Inc.'s motion for summary judgment as to its claim for relief pursuant to 11 U.S.C. § 523(a)(2)(A) (1993),[1] but granted Care Comm, Inc.'s motion for summary judgment as to its claim for relief pursuant to 11 U.S.C. § 523(a)(6) (1993).[2] The Bankruptcy Court also denied Joseph H. Golant's cross-motion for summary judgment. For the following reasons, the Bankruptcy Court's decision is affirmed in part, and reversed and remanded in part.

## I. BACKGROUND

On September 12, 1994, the United States District Court for the Central District of

California ("California District Court") granted Care Comm, Inc.'s ("Care Comm") motion for costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1927 (1994)[3] because "plaintiff's counsel [Joseph H. Golant ("Golant")] refused to recognize that a settlement had been reached between the parties and inserted a $300,000 cash demand into the written settlement agreement contrary to the parties oral agreement that no money would change hands." *Bright Beginnings, Inc. v. Care Comm, Inc.*, No. CV 93–1676 ER, at *1 (C.D. Cal. filed Oct. 31, 1994) (Ex. A Care Comm's Appeal Br.). The California District Court found Golant culpable and stated that he acted "in bad faith and multiplied the proceedings unnecessarily." *Id.* Thus, the California District Court sanctioned Golant, but not his client, and awarded attorney's fees pursuant to § 1927 in the amount of $20,000 ("sanction award"). *Id.*

On February 26, 1996, the United States Court of Appeals for the Ninth Circuit affirmed the California District Court's sanction award. *See Bright Beginnings, Inc. v. Care Comm, Inc.*, 78 F.3d 592, 1996 WL 82455, at *4 (9th Cir. Feb. 26, 1996). The Ninth Circuit opined that the California District Court's award of sanctions against Golant "was not clearly erroneous, particularly in light of Golant's disingenuous testimony before the district court." *Id.*

On March 21, 1995, Golant filed a petition for relief under Chapter 7 of the Bankruptcy Code. *See Golant v. Care Comm, Inc.*, No. 96 B 007376, at *2 (Bankr.N.D. Ill. filed Aug. 14, 1997) (Appeal R. Ex. Q). On June 24, 1996, Care Comm filed a complaint, seeking to hold the $20,000 sanction award against Golant as non-dischargeable pursuant to § 523(a)(2)(A) and § 523(a)(6). *Id.*

On September 24, 1996, Care Comm filed its motion for summary judgment. *Id.* at *4. Care Comm argued that the factual findings of the California District Court, affirmed by

---

**1.** A debt for money obtained by "false pretenses, a false representation, or actual fraud" is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**2.** A debt for "willful and malicious injury by the debtor" is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

**3.** Section 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

the Ninth Circuit, are sufficient to meet the statutory requirements for non-dischargeability pursuant to § 523(a)(2)(A) and § 523(a)(6). *Id.* at *4–5. On November 8, 1996, Golant filed his cross-motion for summary judgment, and argued that Care Comm could not prove the statutory requirements of § 523(a)(2)(A) and § 523(a)(6). *Id.* at 5.

On August 14, 1997, the Bankruptcy Court denied Care Comm's motion for summary judgment as to its § 523(a)(2)(A) claim because Care Comm could not prove that Golant obtained money, property, or services from Care Comm. *Id.* at *10. Thus, the Bankruptcy Court dismissed Care Comm's § 523(a)(2)(A) claim. *Id.* The Bankruptcy Court further opined that Golant is collaterally estopped from relitigating the factual findings of the California District Court. *Id.* at *14–16. Hence, based on the California District Court's finding of bad faith pursuant to § 1927, the Bankruptcy Court concluded that Golant willfully and maliciously injured Care Comm as a matter of law, and granted Care Comm's motion for summary judgment as to its § 523(a)(6) claim. *Id.* at *16. Consequently, without any further discussion, the Bankruptcy Court denied Golant's cross–motion for summary judgment. *Id.*

## II. DISCUSSION

### A. Legal Standards

A bankruptcy court's legal conclusions are reviewed de novo. *See Matter of Meyer,* 129 F.3d 119, 1997 WL 659832, at *1 (7th Cir. Oct. 21, 1997). A bankruptcy court's factual findings, on the other hand, are reviewed under a "clearly erroneous" standard. *Id.* A factual finding is clearly erroneous "only if that finding 'strike[s] us as wrong with the force of a fiveweek old, unrefrigerated dead fish.'" *United States v. Gravens,* 129 F.3d 974, 982 (7th Cir.1997) (citation omitted) (alteration in original). "Mixed questions of law and fact or questions pertaining to the application of the facts to the law are reviewed de novo." *United States v. Pullman Constr. Indus., Inc.,* 210 B.R. 302, 306 (N.D.Ill.1997); *see also Matter of Krehl,* 86 F.3d 737, 742 (7th Cir.1996); *In re Reines,* No. 97 C 2645, 1997 WL 543074, at *3 (N.D.Ill. Aug. 29, 1997).

■ The Bankruptcy Court's opinion is based on the California District Court's factual findings. *See Golant,* No. 96 B 007376, at *10, 14–16. Whether the factual findings of the California District Court satisfy the statutory requirements of non-dischargeability pursuant to § 523(a)(2)(A) and § 523(a)(6) are properly characterized as mixed questions of law and fact. *See Matter of Krehl,* 86 F.3d at 742. Hence, the court will review the Bankruptcy Court's opinion de novo, drawing the court's own conclusions of law and fact from the record. *See Robyns v. Reliance Standard Life Ins. Co. and Community Ctrs. of Indianapolis,* 130 F.3d 1231, 1235–36 (7th Cir.1997); *see also Matter of Lefkas Gen. Partners,* 112 F.3d 896, 900 (7th Cir.1997).

In order to prevail on its motion for summary judgment, Care Comm had the burden of showing that there is no genuine issue of material fact, and that it is entitled to a judgment as a matter of law. *See* Fed. R.Bankr.P. 7056 ("Rule 56 F.R.Civ.P. applies in adversary proceedings."); Fed.R.Civ.P. 56(c); *see also Salima v. Scherwood South, Inc.,* 38 F.3d 929, 931 (7th Cir.1994). The court must view the record, and resolve all reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *See Plair v. E.J. Brach & Sons, Inc.,* 105 F.3d 343, 346 (7th Cir.1997).

■ As the creditor, Care Comm has the burden to prove by a preponderance of the evidence that the debt owed is non–dischargeable pursuant to § 523(a)(2)(A) and § 523(a)(6). *See Matter of Thirtyacre,* 36 F.3d 697, 700 (7th Cir.1994). Because of the "fresh start" policy underlying the Bankruptcy Code, courts construe exceptions to the dischargeability of a debt strictly against the creditor, and liberally in favor of the debtor. *See Matter of Juzwiak,* 89 F.3d 424, 427 (7th Cir.1996).

### B. Local Bankruptcy Rule 402

Before discussing the merits of the cross-appeals, the court first addresses Golant's argument that the Bankruptcy Court was clearly erroneous in (1) finding that Golant

violated Local Bankruptcy Rule 402(N) by failing to respond to Care Comm's Rule 402(M) statement, and (2) deeming Care Comm's statement of facts as admitted. *See Golant*, No. 96 B 007376, at *7. Golant filed his response to Care Comm's motion for summary judgment on November 8, 1996. On November 22, 1996, Golant filed his Rule 402(N) statement in response to Care Comm's Rule 402(M) statement of facts.

For purposes of this appeal, the court need not determine whether the Bankruptcy Court erred in finding that Golant violated Rule 402(N), and deeming Care Comm's Rule 402(M) statement of facts as admitted. It appears from the record that the Bankruptcy Court's opinion is based solely on the California District Court's factual findings. Consequently, even if the Bankruptcy Court erroneously failed deemed Care Comm's Rule 402(M) statement of facts as admitted, it was harmless error which did not affect Golant's substantial rights. *See* Fed. R.Bankr.P. 9005. In considering the merits of the cross-appeals, the court will likewise rely solely on the factual findings of the California District Court.

### C. § 523(a)(2)(A)

■ In order to prove that a debt is non-dischargeable pursuant to § 523(a)(2)(A), Care Comm must prove the following elements: (1) that Golant obtained money; (2) through a representation which the debtor knew to be false or with such reckless disregard for the truth as to constitute willful misrepresentation; (3) with an intent to deceive Care Comm; and (4) that Care Comm justifiably relied on Golant's false representation. *See Field v. Mans*, 516 U.S. 59, 74–76, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995); *see also Matter of Bero*, 110 F.3d 462, 465 (7th Cir.1997); *In re Mayer v. Spanel International Ltd.*, 51 F.3d 670, 673 (7th Cir. 1995).

■ Courts have taken three views in determining whether the creditor has adequately proven the first element. *See In re Mones*, 169 B.R. 246, 251 (Bankr.D.D.C. 1994). Under each of the three views articulated in *In re Mones*, the debtor must at least "obtain money" from the creditor. *See In re Mones*, 169 B.R. at 251. However, under two of those views, the creditor must also show that the debtor either "received" the money, e.g. title transfers to the debtor, or derived some benefit from the money obtained. *Id.* Under the first view, the debtor must obtain the money, and receive the money himself. *Id.* Under the second view, the debtor must obtain the money, and must at least derive some benefit from the money obtained. *Id.* Under the third view, a debt is non-dischargeable "whenever the debtor fraudulently obtains money, irrespective of whether it is for himself and whether the debtor received any benefit." *Id.*

The three varying views is best understood by a hypothetical. Under the first view, the debtor is required to induce the creditor to transfer money to his bank account. Under the second view, it is sufficient if the debtor induces the creditor to transfer money to his daughter's account, and he derives some benefit from the transfer. Under the third view, it is sufficient if the debtor induces the creditor to transfer money to somebody's account, even though the debtor will not derive any benefit.

As a preliminary matter, the Bankruptcy Court considered whether the debt sought to be held non-dischargeable under § 523(a)(2)(A) is a debt for "obtaining money," and opined that it was not. *See Golant*, No. 96 B 007376, at *10–11. The Bankruptcy Court found that Care Comm could not prove that Golant "obtain[ed] money, property, or services from Care Comm by his refusal to recognize that a settlement had been reached between the parties and insertion of a $300,-000 cash demand." *Id.* at *10. Since Golant did not obtain any money from Care Comm, the Bankruptcy Court concluded that Care Comm could not satisfy the first element of § 523(a)(2)(A). *Id.* Therefore, the Bankruptcy Court denied Care Comm's motion for summary judgment as to its § 523(a)(2)(A) claim, and dismissed that claim from the complaint. *Id.*

Relying on *In re Mones*, Care Comm argues that the Bankruptcy Court's legal conclusions were erroneous because the creditor does not have to prove that the debtor "received the money" to satisfy the first ele-

ment. (Care Comm's Br. at 27.) However, the Bankruptcy Court found that Care Comm could not prove that Golant "obtain any money" from Care Comm; thus, even assuming that the Bankruptcy Court adopted the third view, it would have still dismissed Care Comm's § 523(a)(2)(A). *See Golant*, No. 96 B 007376, at *10.

Inducing Care Comm to expend money to defend against fraudulent claims and arguments is not enough, even under the third view, to prove that Golant obtained any money from Care Comm. The court in *In re Arlington*, 192 B.R. 494, 499 (Bankr.N.D.Ill. 1996), held that a debt that arises from a sanction is not a debt for "obtaining money." In *In re Arlington*, the creditor (ex-husband) struck the debtor on her face causing injury ("battery incident"). *Id.* at 496. As a result, the parties filed an action to dissolve their marriage, and negotiated a Marital Settlement Agreement ("agreement"). *Id.* The agreement provided that if the creditor complied with the terms of the agreement, the debtor would execute a general release of her claims *arising out of the battery incident* ("general release"). *Id.* at 497. A dispute arose concerning one of the agreement terms. *Id.* The creditor argued that he was in full compliance with the agreement, and entitled to a general release from the debtor. *Id.* The debtor thought otherwise, and filed a personal injury action against the creditor. *Id.* Based on the agreement, the state court entered a directed verdict in favor of the creditor, and awarded sanctions against the debtor for failing to make a reasonable inquiry into the factual basis of her claim. *Id.*

After the debtor filed a petition for relief under the Bankruptcy Code, the creditor argued that the debt she owed to him was non–dischargeable under § 523(a)(2)(A). *Id.* at 499. The bankruptcy court disagreed. *Id.* The bankruptcy court explained that § 523(a)(2)(A) did not apply for several reasons. First, the debtor did not obtain any money from the creditor by filing the lawsuit. "At most she had the dubious personal satisfaction of forcing him to go through the ordeal and expense of the personal injury suit. That, however, is insufficient for purposes of § 523(a)(2)(A)." *Id.* Second, the state court made no finding of fraud. *Id.* Third, the creditor's actions were taken to defend against the debtor's lawsuit, and not in reliance on her representations to him. *Id.*

Similarly, Golant did not obtain any money from Care Comm. Golant's debt to Care Comm arose because the California District Court sanctioned Golant for acting in bad faith and multiplying the proceedings unnecessarily by refusing to recognize that a settlement had been reached, and inserting a $300,000 monetary demand into the written settlement agreement. *See Bright Beginnings, Inc.*, No. CV 93–1676 ER, at *1. As such, Golant did not obtain any money from Care Comm, and Care Comm cannot satisfy the first element necessary to obtain relief under § 523(a)(2)(A).[4]

■ Furthermore, assuming that Care Comm can prove that Golant made a false representation (the second element) with an intent to deceive Care Comm (the third element), the court notes that Care Comm cannot prove that it justifiably relied on Golant's representations (the fourth element). *See Field*, 516 U.S. at 70–72, 116 S.Ct. at 444. Reliance is justified if the falsity of the representation is not apparent upon a cursory glance. *Id.*

The record indicates that Care Comm recognized the falsity of Golant's representation upon a cursory glance at the purported written settlement agreement. *See Bright Beginnings, Inc.*, No. CV 93–1676 ER, at *1. Care Comm knew that it had orally agreed with Bright Beginnings, Inc. that no money would change hands. *Id.* Hence, when Care Comm's cursory glance at the purported written settlement agreement revealed Golant's false representations, it moved for sanctions. *Id.* Consequently, Care Comm cannot prove that it justifiably relied on Golant's false representations. *See Field*, 516 U.S. at 70–72, 116 S.Ct. at 444.

---

**4.** Assuming the third view applies in the Seventh Circuit, the court notes that the outcome would have been different if Golant successfully ob- tained $300,000 on behalf of Bright Beginnings, Inc.

Therefore, the Bankruptcy Court appropriately denied Care Comm's motion for summary judgment as to its § 523(a)(2)(A) claim, and dismissed that claim. On appeal, Golant argues that the Bankruptcy Court should have granted his cross–motion for summary judgment. Having previously dismissed the § 523(a)(2)(A) claim, the Bankruptcy Court appropriately denied Golant's cross-motion as moot. The court affirms the Bankruptcy Court's opinion to this extent.

### D. § 523(a)(6)

■■■■ In order to prove that a debt is non-dischargeable pursuant to § 523(a)(6), Care Comm must prove that (1) an injury resulted from an act that was both (2) "willful" and (3) "malicious." *See Matter of Thirtyacre,* 36 F.3d at 700; *see also In re Smolenski,* 210 B.R. 780, 784 (Bankr.N.D.Ill. 1997). For purposes of § 523(a)(6), the term "willful" means deliberate or intentional, and the term malicious means "in conscious disregard of one's duties or without just cause or excuse.'" *Matter of Thirtyacre,* 36 F.3d at 700 (citation omitted). The creditor does not have to prove that the debtor acted with ill-will or with specific intent to cause harm. *Id.; see also In re Smolenski,* 210 B.R. at 784. Ultimately, the trier of fact must determine whether the debtor acted willfully and maliciously. *Id.*

■■■■ In this case, however, the Bankruptcy Court applied collateral estoppel or issue preclusion, and concluded that Golant was precluded from relitigating whether he acted willfully and maliciously. *See Golant,* No. 96 B 007376, at *13–14. Collateral estoppel applies when the following prerequisites are satisfied: (1) the issue sought to be precluded is identical to the issue involved in the prior action; (2) that issue was actually litigated in the prior action; (3) the determination of that issue was essential to the final judgment in the prior action; and (4) the party sought to be precluded from relitigating that issue was fully represented in the prior action. *See Stephan v. Rocky Mountain Chocolate Factory, Inc.,* 129 F.3d 414, 416–17 (7th Cir.1997); *Rymer Foods, Inc. v. Morey Fish Co.,* No. 96–4139, 1997 WL 358870, at *5 (7th Cir. June 23, 1997).

Relying on Black's Law Dictionary (6th ed.1990), the Bankruptcy Court equated the California District Court's finding of "bad faith" with a finding of an intentional, unexcused conduct. *See Golant,* No. 96 B 007376, at *13–14. Hence, the Bankruptcy Court found that Golant's sanctionable conduct was willful and malicious for purposes of § 523(a)(6). *Id.* Therefore, the Bankruptcy Court concluded that collateral estoppel applied because (1) the issue sought to be precluded (whether Golant acted willfully and maliciously) was identical to the issue involved ·in the prior action (whether Golant acted with bad faith when he unnecessarily multiplied the proceedings); (2) the issue was actually litigated; (3) the determination of the issue was essential to the imposition of a § 1927 sanction; and (4) Golant was fully represented and participated in the prior proceedings. *Id.* at *13–15. The Bankruptcy Court also relied on several cases, and found that "[c]ourts have held that Rule 11 sanctions, which require a lower culpability requirement for frivolous filings, to be non-dischargeable under § 523(a)(6)." *Id.* at *13–14 (citing *In re Lutz,* 169 B.R. 473 (Bankr.S.D.Ga.1994); *In re Wood,* 167 B.R. 83 (Bankr.W.D.Tex.1994); *In re McIntyre,* 96 B.R. 70 (Bankr.S.D.Miss.1989); *In re Zelis,* 66 F.3d 205 (9th Cir.1995); *In re Huber,* 171 B.R. 740 (Bankr.W.D.N.Y.1994)).

■■■■ On appeal, Golant argues that collateral estoppel is not applicable because the California District Court did not determine whether Golant willfully and maliciously injured Care Comm. (Golant's Br. at 22–23). Golant further argues that the cases cited by the Bankruptcy Court are inapposite because the courts in those cases analyzed the sanctionable conduct to determine whether it met the statutory requirements of § 523(a)(6). *Id.* at 29. Finally, Golant argues that it is entitled to summary judgment on Care Comm's § 523(a)(6) claim because Care Comm cannot prove that Golant's sanctionable conduct was willful and malicious or that Golant injured Care Comm. *Id.* at 32.

Since the court reviews the Bankruptcy Court's grant of summary judgment de novo, the court must draw its own conclusions of the law and fact from the record. *See Ro-*

*byns,* 130 F.3d at 1235–36; *see also Matter of Lefkas Gen. Partners,* 112 F.3d at 900. First, the court notes that the cases cited by the Bankruptcy Court are inapposite to this case. In four of those cases, the bankruptcy courts found that the record from the sanctioning courts sufficiently evidenced findings of intentional conduct without just cause or excuse. *See In re Zelis,* 66 F.3d at 209; *In re Huber,* 171 B.R. at 752; *In re Lutz,* 169 B.R. at 478–79; *In re Wood,* 167 B.R. at 86–87. In *In re Zelis,* the bankruptcy court gave collateral effect to the sanctioning court's findings because the sanctioning court "found that [the debtor] intentionally and wrongfully filed two frivolous Notices of Appeal in bad faith and for abusive litigation tactics." 66 F.3d at 209. In *In re Huber,* after reviewing "the language used by the District Court, and the authorities upon which the District Court based its decision, [the bankruptcy court concluded] that the District Court made a finding of wilfulness and maliciousness on [the debtor's] part." 171 B.R. at 752. In *In re Lutz,* the bankruptcy court held that the sanctioning court "expressly found" that the debtor "deliberately fabricated the events upon which the suit was based" and "that [d]ebtor's sole purpose in bringing the suit was to extract money from Plaintiffs." 169 B.R. at 478–79. In *In re Wood,* based on the sanctioning court's language, the bankruptcy court held that the parties were collaterally estopped from relitigating whether the debtor willfully and maliciously caused injury. 167 B.R. at 86–87.

In the remaining case, *In re McIntyre,* the bankruptcy court did not have to determine whether the sanctioning court made a finding of willful and malicious conduct because it was the sanctioning court. 96 B.R. at 71. As such, the bankruptcy court's opinion does not explain whether there was a sufficient finding of willfulness and maliciousness to satisfy the requirements of § 523(a)(6). *Id.* Since the bankruptcy court held that its imposition of a Bankruptcy Rule 9011 sanction was non-dischargeable pursuant to § 523(a)(6), the court will presume that there was a sufficient factual finding of willfulness and maliciousness based on the debtor's sanctionable conduct. *Id.*

### 1. *Willful*

In this case, based on the incomplete record from the California District Court, the court cannot find that the California District Court's language sufficiently evidences that it specifically found that Golant acted willfully (or deliberately or intentionally).[5] The order the California District Court entered on October 31, 1994, contains the only factual findings before the court.[6] *See Bright Beginnings, Inc.,* No. CV 93–1676 ER, at *1. In that order, the California District Court states that it granted Care Comm's motion for costs, expenses, and attorney's fees pursuant to § 1927 because "plaintiff's counsel [Golant] refused to recognize that a settlement had been reached between the parties and inserted a $300,000 cash demand into the written settlement agreement contrary to the parties oral agreement that no money would change hands. This action was done in bad faith and multiplied the proceedings unnecessarily." *Id.* Since the California District Court found Golant to be the "culpable party," the court awarded sanctions against Golant, and in favor of Care Comm. *Id.*

The California District Court did not further explain its finding of "bad faith." *Id.* Thus, the court will examine the law in the Ninth Circuit, which governs the California District Court, to ascertain the meaning of "bad faith" in the context of a § 1927 sanction. "Section 1927 sanctions are prem-

---

5. The California District Court's order entered on October 31, 1994, states that it granted Care Comm's motion for sanctions on September 12, 1994. The court's order on September 12, 1994, or a transcript of the proceedings held on that date may evidence a finding of willful (or deliberate or intentional) conduct.

6. The court notes that the Ninth Circuit characterized Golant's testimony before the California

District Court as disingenuous. *See Bright Beginnings, Inc.,* 1996 WL 82455, at *4. However, the court cannot discern from the Ninth Circuit's choice of word, disingenuous, whether the Ninth Circuit found that Golant willfully (or deliberately or intentionally) lied to the California District Court. Thus, the Ninth Circuit's opinion is of little assistance in determining willfulness for purposes of § 523(a)(6).

ised on a finding of subjective bad faith.... 'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Stiglich v. Contra Costa County Bd. of Supervisors,* 106 F.3d 409, 1997 WL 22410, at *7 (9th Cir.1997) (*quoting Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986) (citations omitted)). The sanctioning court need not find that the attorney acted intentionally to impose § 1927 sanctions. *See Baneth v. Planned Parenthood,* No. C–94–0870 DLJ, 1994 WL 224382, at *3 (N.D.Cal. May 12, 1994).

 Based on the existing Ninth Circuit law and an incomplete record of the proceedings before the California District Court, the court can only conclude that the California District Court found that Golant either "knowingly or recklessly" refused to recognize that a settlement had been reached, and inserted a $300,000 monetary demand. Reckless conduct, however, is insufficient for purposes of § 523(a)(6). *See Matter of Thirtyacre,* 36 F.3d at 700; *see also In re Scarlata,* 127 B.R. 1004, 1012 (N.D.Ill.1991) ("The term 'willful and malicious' does not mean reckless disregard or mere negligence."); *In re Grossman,* No. 92 A 01242, 1993 WL 58419, at *9 (Bankr.N.D.Ill. Feb. 24, 1993) ("Mere reckless disregard is not considered willful or malicious.").

Therefore, the court cannot find that the California District Court's finding of bad faith conclusively determines that Golant acted willfully (or deliberately or intentionally) for purposes of § 523(a)(6). With respect to the issue of maliciousness and injury, however, the court finds that the California District Court's factual findings conclusively determines that Golant acted maliciously (or without just cause or excuse) and that Golant injured Care Comm (causing Care Comm to expend additional attorney's fees and costs) for purposes of § 523(a)(6).

### 2. *Malicious*

 Under the existing Ninth Circuit law, the sanctioning court must find that the attorney has a "culpable state of mind." *see also Baneth,* 1994 WL 224382, at *3. Section

1927 sanctions are intended to deter attorney misconduct. *See* 28 U.S.C. § 1927 (An attorney must multiply the proceedings "unreasonably and vexatiously" to be subject to § 1927 sanctions.); *see also Lockary v. Kayfetz,* 974 F.2d 1166, 1169 (9th Cir.1992) ("Section 1927 is limited to attorney misconduct."). Thus, "[t]he frivolousness of a claim or argument does not by itself justify an award of sanctions under § 1927; the additional element of wrongful purpose is required." *Cinquini v. Donohoe,* No. C 95–4168 FMS, 1996 WL 79822, at *8 (N.D.Cal. Feb. 8, 1996).

There is no doubt that the California District Court found that Golant acted without just cause or excuse. *See Bright Beginnings, Inc.,* No. CV 93–1676 ER, at *1, *4. The California District Court expressly found that Golant was the "culpable party, not plaintiff, and therefore awarded sanctions against plaintiff's counsel [Golant]." *Id.* at *1. The California District Court expressly found that Golant's actions were done in "bad faith." *Id.* By characterizing Golant's action as done "in bad faith," the California District Court necessarily found that Golant acted "without justification or excuse." *See In re Zelis,* 66 F.3d at 209 (The Ninth Circuit held that the sanctioning court "found that the conduct was without justification or excuse, characterizing [the debtor's] appeal as frivolous and in bad faith."). As the Ninth Circuit in *In re Zelis* recognized, "a court generally orders sanctions only when the party's conduct has been particularly abusive and there is no justification or excuse for the behavior." *Id.* Therefore, since a § 1927 sanction is premised on a finding of subjective bad faith, *see Stiglich,* 1997 WL 22410, at *7, and Golant had a full and fair opportunity to litigate the issue, *see Bright Beginnings, Inc.,* No. CV 93–1676 ER, *aff'd,* 78 F.3d 592, 1996 WL 82455, at *4, Golant is collaterally estopped from relitigating the issue of maliciousness for purposes of § 523(a)(6).

### 3. *Injury*

Similarly, the court finds that the California District Court found that Golant injured Care Comm as a result of his misconduct. *See Bright Beginnings, Inc.,* No. CV 93–1676 ER, at *1. Section 1927 sanctions are limited

to "the excess costs, expenses, and attorneys' fees reasonably incurred because of [an attorney's misconduct]." 28 U.S.C. § 1927. Here, the California District Court found that Golant's misconduct caused Care Comm to expend $35,287.74 for attorney's fees and costs, which the California District Court reduced to $20,000 because of Golant's inability to pay $35,287.74. *See* Bright Beginnings, Inc., No. CV 93–1676 ER, at *4. The California District Court necessarily found that Golant injured Care Comm. *See* 28 U.S.C. § 1927. Golant's interests were also fully represented throughout the prior proceedings. *See Bright Beginnings, Inc.,* No. CV 93–1676 ER, *aff'd,* 78 F.3d 592, 1996 WL 82455, at *4. Therefore, Golant is collaterally estopped from relitigating the issue of injury for purposes of § 523(a)(6).

Accordingly, the court reverses the Bankruptcy Court's grant of Care Comm's motion for summary judgment as to its § 523(a)(6) claim because there exists a genuine issue of whether Golant acted willfully. Thus, the court affirms the Bankruptcy Court's denial of Golant's cross-motion. The matter is remanded to the Bankruptcy Court to give the parties an opportunity to develop the record of the proceedings before the California District Court to determine whether Golant acted willfully (or deliberately or intentionally).

If the California District Court did not specifically resolve the issue of willfulness, collateral estoppel is not applicable as to that issue, and the parties should be given an opportunity to litigate whether Golant acted willfully by refusing to recognize that a settlement had been reached, and inserting a $300,000 monetary demand. On remand, however, the parties are precluded from relitigating whether Golant acted maliciously and whether he injured Care Comm for purposes of § 523(a)(6).

### III. CONCLUSION

For the foregoing reasons, the court affirms the dismissal of Care Comm's § 523(a)(2)(A) claim, and reverses the grant of Care Comm's motion for summary judgment as to its § 523(a)(6) claim. The matter is remanded for the determination of whether Golant willfully refused to recognize a

settlement had been reached, and inserted a $300,000 monetary demand into the written settlement agreement.

IT IS SO ORDERED.